UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 18-23075-COOKE/GOODMAN

CHRISTINE GAROT,

    Plaintiff,
v.

NCL (BAHAMAS) LTD.,

    Defendant.
_____/

## REPORT AND RECOMMENDATIONS RECOMMENDING DISMISSAL

On February 17, 2022, the Undersigned granted Attorneys Paul M. Hoffman and Laurence Marc Krutchik's motion to withdraw as counsel for Christine Garot ("Garot" or "Plaintiff"). [ECF No. 44]. The Order required Plaintiff to "file a notice by March 28, 2022, advising [the Court] if she intend[ed] to pursue the case *pro se* or if she [would] be making arrangements to obtain new counsel." *Id.* The Order further stated that, "[i]f Plaintiff elect[ed] to obtain new counsel, then new counsel must file a notice of appearance by March 28, 2022." *Id.* The March 28, 2022 deadline passed, and Plaintiff did not comply with the Undersigned's Order.

Consequently, on March 31, 2022, the Undersigned issued an Order to Show Cause requiring Garot to file, by April 21, 2022, "a response, in the form of an affidavit or declaration, explaining why she did not comply with the Undersigned's February 17,

2022 Order" and requiring substitute counsel (if there is one) to file a notice of appearance in this case or for Plaintiff to file a notice of intent to proceed *pro se*. [ECF No. 46]. The show cause order warned Garot that the failure to comply with the order would result in "a Report and Recommendations, recommending that the case be dismissed." *Id.*

Garot failed to comply with the Order to Show Cause and the deadline for compliance has passed.

**I.      Analysis**

"A district court may dismiss a case, on its own initiative, if a plaintiff abandons its prosecution of the suit." *Calden v. Carnival Corp.*, No. 16-21119-CIV, 2017 WL 3773691, at *1 (S.D. Fla. June 22, 2017). "Courts are vested with this inherent power 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases' and 'to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.'" *Id.* (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)). Moreover, "[d]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Bell v. Florida Highway Patrol*, 476 F. App'x 856, 856 (11th Cir. 2012) (affirming dismissal of *pro se* plaintiff's complaint due to her failure to follow the court's orders).

The Undersigned **respectfully recommends** that the District Court dismiss without prejudice this action due to Plaintiff's failure to follow the February 17, 2022 withdrawal order and the March 31, 2022 show cause order, and to close the case.

## II.     Objections

The parties will have 14 days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within 14 days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

**DONE AND ORDERED** in Chambers, in Miami, Florida, on April 22, 2022.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Marcia G. Cooke
All Counsel of Record

Christine Garot
36 Sycamore Street
Somerville, NJ 08876
christinegarot1@gmail.com